IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| JUDY A. LOTT, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:06-CV-0017-BF |
| | § | ECF |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's Order (doc. 14), this is now a consent case before the United States Magistrate Judge. For the reasons stated below, the final decision of the Defendant Commissioner of Social Security Administration (the "Commissioner") is affirmed.

### I.

Plaintiff Judy A. Lott (the "Plaintiff") was born on September 5, 1955. (Tr. 264.) Plaintiff filed her application for Disability Insurance Benefits ("DIB") on March 12, 2003, alleging that she has been unable to work since June 17, 2002, because she suffers from depression, coronary artery disease, asthma, high blood pressure, arthritis, left ventricular hypertrophy with diastolic dysfunction of the left ventricle, weakness, and tiredness. (*Id*. at 265–67.) Plaintiff has a high school degree and one and one half years of college education. (*Id*. at 264–65.) Plaintiff has experience working as a nurses aid, machine operator, laundry presser, and polisher. (*Id*. at 266, 268.) The majority of Plaintiff's experience has been working as a nurses aid. (*Id.* at 269.) Plaintiff worked for various companies and nursing homes as a nurses aid and home care giver, performing mostly patient care with some minor record keeping. (*Id.* at 265–69, 273.)

The Commissioner originally denied Plaintiff's claim. (*Id.* at 15.) Then, on February 23, 2005, the Commissioner reconsidered her claim, and Plaintiff, represented by an attorney, had a hearing before Administrative Law Judge ("ALJ") Kim D. Parrish. (*Id.* at 263.) Plaintiff, her neighbor, and a vocational expert testified at the hearing. (*Id.* at 263, 270, 272.) ALJ Parrish issued a decision on January 27, 2005. (*Id.* at 15.) The ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment, and Plaintiff has the residual functioning capacity ("RFC") to lift and/or carry ten pounds occasionally and five pounds frequently, stand and/or walk two hours during an eight-hour work day, and sit six hours during an eight-hour work day, with occasional stooping, kneeling, crouching, and no climbing of stairs and/or ladders. (*Id.* at 26.) Thus, relying on the testimony of the vocational expert, the ALJ found that an individual with the above RFC who has Plaintiff's age, education, and work experience could perform the jobs of bonder (semiconductor), laminator, and order clerk (food and beverage). (*Id.* at 14–15.) Because these jobs exist in significant numbers in the regional and national economies, the ALJ found Plaintiff to be "not disabled" at step five of the sequential five-step disability inquiry. (*Id.*) On December 15, 2005, the Appeals Council declined to review the ALJ's unfavorable decision, thereby rendering the ALJ's decision the final decision of the Commissioner. (*Id.* at 4.) Thus, Plaintiff subsequently filed this action in the District Court on May 15, 2006. (Pl.'s Br. 9.)

In the instant appeal, Plaintiff contests the ALJ's findings that (1) Plaintiff does not have a severe impairment that meets or medically equals either singly or in combination of an impairment listed in Appendix 1, Subpart P, Regulation No. 4, and (2) Plaintiff is capable of performing work at the sedentary level. (*Id.* at 1.) Plaintiff argues that these finding are not supported by substantial evidence and/or reached through errors of law. (*Id.*) Specifically,

plaintiff argues that the ALJ failed to properly interpret the medical listing of impairments in § 4.04(C), and the evidence shows that she meets the requirements. (*Id.* at 4.) Furthermore, Plaintiff argues that the ALJ incorrectly found that Plaintiff has a RFC allowing her to perform sedentary work because the evidence does not support such a finding, and the ALJ asked a deficient hypothetical question. (*Id.* at 6.) The Commissioner, however, maintains that the ALJ's findings are supported by substantial evidence and the correct legal standards were applied. (Def.'s Br. 6.)

## II.

This Court's review of the Commissioner's decision is limited under 42 U.S.C. § 405(g) to two inquiries: (1) whether the decision is supported by substantial evidence, and (2) whether the proper legal standards were applied to evaluate the evidence. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (per curiam). "The Commissioner's decision is granted great deference and will not be disturbed unless the reviewing court cannot find substantial evidence in the record to support the Commissioner's decision or finds that the Commissioner made an error of law." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (footnotes omitted).

It is not the place of this Court to "reweigh the evidence or try the issues *de novo* or substitute its judgment for that of the [Commissioner]." *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez*, 64 F.3d at 173. Substantial evidence is that which a reasonable mind might accept to support a conclusion. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). It is "more than a mere

scintilla and less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). In order to make a finding of no substantial evidence, the court must determine that there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Dellolio v. Heckler*, 705 F.2d 123, 125 (5th Cir. 1983) (citing *Hemphill v. Weinberger*, 483 F.2d 1137 (5th Cir. 1973)). Even if the Court determines that the evidence preponderates in Plaintiff's favor, the Court must still affirm the Commissioner's finding if there is substantial evidence to support those findings. *See Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985). The resolution of conflicting evidence is for the Commissioner and not this Court. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

In determining whether a claimant is disabled, the Commissioner uses a five-step sequential inquiry. *Leggett*, 67 F.3d at 563; *Martinez*, 64 F.3d at 173-74. The Commissioner must consider whether: (1) the claimant is presently working; (2) the claimant's ability to work is significantly limited by a mental or physical impairment; (3) the claimant's impairment meets or equals an impairment listed in Appendix 1, Subpart P, Regulation No. 4; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant cannot presently perform other work that exists in significant numbers in the national economy. *Leggett*, 67 F.3d at 563 n.2; *Martinez*, 64 F.3d at 173-74. The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at step five. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994) (citing *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989)). At step five, once the Commissioner shows that other jobs are available to the claimant, the burden shifts to the claimant to rebut this finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

For purposes of social security cases, "disability" means an inability to engage in substantial gainful activity because of a medically determinable mental or physical impairment or combination of impairments that could be expected to either last for a continuous period of not less than 12 months or to result in death. *See* 42 U.S.C. § 423(d)(1)(A). In order to establish disability, the record must show that the limitations imposed by Plaintiff's conditions prevent her from engaging in any substantial gainful activity. *See Jones v. Heckler*, 702 F.2d 616, 620 (5th Cir. 1983).

When reviewing a decision of "not disabled," the Court's function is to determine whether the record as a whole contains substantial evidence that supports the final decision of the Commissioner, as the trier of fact. *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989); *Kane*, 731 F.2d at 1219. Four elements of proof should be weighed to determine if there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of examining and treating physicians; (3) Plaintiff's subjective evidence of pain and disability; and (4) age, education, and work history. *Martinez*, 64 F.3d at 174 (citing *Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991)). The ALJ must develop the facts fully and fairly relating to an applicant's claim for disability benefits. *Ripley*, 67 F.3d at 557. If the ALJ fails to do this, the decision is not substantially justified. *Id.* Nevertheless, the ALJ's decision should be reversed only if Plaintiff shows that she was prejudiced. *Id.* A procedurally imperfect administrative ruling should not be overturned unless the substantive rights of a party have been prejudiced. *See Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988); *Smith v. Chater*, 962 F. Supp. 980, 984 (N.D. Tex. 1997).

## III.

### A.

In Plaintiff's first argument, she contends that the ALJ erred at step three of the process by finding that her impairments did not meet or medically equal one of the listed impairments of Appendix 1, Subpart P, Regulation No. 4. (Pl.'s Br. 4.) At this stage of the five step process, Plaintiff bears the burden of proving that she meets a medical listing. *Bowling*, 36 F.3d at 435. Specifically, Plaintiff argues that she meets the requirements of § 4.04(C). (Pl.'s Br. 4.) This section requires that Plaintiff have Ischemic Heart Disease with chest discomfort associated with myocardial ischemia while being treated for coronary artery disease. 20 C.F.R. pt. 404, subpt. P, app. 1, § 4.04(C) (2007). In addition, Plaintiff must have: (1) angiographic evidence revealing 50 percent or more narrowing of at least two nonbypassed coronary arteries, and (2) resulting marked limitation of physical activity, as demonstrated by fatigue, palpitation, dyspnea, or anginal discomfort or ordinary physical activity, even though the individual is comfortable at rest. *Id.* § 4.04(C)(1)(d), (2).

The ALJ determined the evidence is not entirely clear regarding whether Plaintiff's chest pain is associated with myocardial ischemia based on the testimony of Dr. Barnes, a cardiac specialist, who described Plaintiff's complaints of chest pain as atypical, and the lack of medical evidence showing myocardial ischemia. (Tr. 22.) The ALJ further reasoned that only one of the Plaintiff's arteries required intervention, and therefore, the ALJ found it to be reasonable to conclude that the narrowing of the other artery was not hemodynamically significant. (*Id.*) Morever, the ALJ concluded that even if Plaintiff does have chest pain associated with myocardial ischemia and 50 percent or more narrowing of at least two nonbypassed coronary

arteries, she fails to meet the requirement that her impairment result in marked limitation of physical activity, and therefore, she does not meet the listing. (*Id.* at 23.)

Plaintiff fails to address how she meets the requirement that her reported chest pain is associated with myocardial ischemia. (Pl.'s Br. 1–9.) Plaintiff does, however, argue that she has angiographic evidence revealing 50 percent or more narrowing of at least two nonbypassed coronary arteries, citing to the findings of the catheterization. (*Id.* at 5; Tr. 152–53.) Likewise, Plaintiff argues that notwithstanding the stent placement, she still meets the requirement that her heart disease resulted in a marked impairment of physical limitation based on her medical records. (Pl.'s Br. 5; Tr. 126, 128, 134, 136.) Specifically, Plaintiff points to the follow up notes of Dr. Sudarshan which indicated that she had decreased stamina, increased fatigue, and anginal discomfort and to Dr. Madamala's notes which indicated her complaints of chest pain. (Pl.'s Br. 5; Tr. 126, 128, 134, 136.)

The Commissioner points out that even if Plaintiff can establish that she had ischemic heart disease associated with myocardial dysfunction and two or more arteries with 50 percent or more narrowing, she fails to provide any evidence of a marked limitation in physical activity resulting from her impairment. (Def.'s Br. 8.) Furthermore, the Commissioner asserts that the Plaintiff's claims are not substantiated by the evidence, and in fact, the evidence shows that Plaintiff's alleged chest pain was atypical. (*Id.* at 10.) The Commissioner notes that Dr. Barnes and Dr. Madamala both concluded that Plaintiff could perform work. (*Id.* at 10; Tr. 218, 223–24.) Moreover, the Commissioner contends that the fact that Plaintiff worked after her alleged onset of disability contradicts her claim of chest pains resulting in marked limitation of physical activity. (Def.'s Br. 11.) Thus, the Commissioner contends that there is substantial

medical evidence of record supporting the ALJ's conclusion that Plaintiff did not meet the medical listing. (*Id.* at 12.)

Based on the above, the record contains substantial evidence to support the ALJ's finding that Plaintiff's condition did not meet the requirements of § 4.04(C). *See* § 4.04(C)(1)(d), (2). Because substantial evidence supports the ALJ's finding, the Commissioner's decision is not reversed on this basis. *See Leggett*, 67 F.3d at 564; *Martinez*, 64 F.3d at 173.

**B.**

Plaintiff's second argument alleges that the ALJ's finding that Plaintiff was capable of performing sedentary work was not supported by substantial evidence. (Pl.'s Br. 6.)

RFC is a determination of the most a claimant can do despite his physical and mental limitations based on an evaluation of all the relevant evidence of record. 20 C.F.R §§ 404.1545–46 (2007). When determining a Plaintiff's RFC, the ALJ must consider the Plaintiff's subjective allegations in conjunction with the medical and other objective evidence of record. *See id.* If the evidence of record presents conflicting testimony and reports, the Commissioner, not the court, "has the duty to weigh the evidence, resolve material conflicts in the evidence, and decide the case." *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987) (citing *Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir. 1985)). Credibility determinations are the responsibility of the ALJ and are entitled to deference. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). The ALJ is not required to give subjective evidence precedence over medical evidence. *Hollis v. Bowen*, 837 F.2d 1378, 1385 (5th Cir. 1988) (citing *Carry*, 750 F.2d at 485). The ALJ should resolve conflicts between the subjective evidence and the medical evidence based on an evaluation of the claimant's complaints of pain. *Id.*

Plaintiff argues that the evidence does not support a finding that she could perform the standing/walking or bending/stooping requirements of sedentary work. (Pl.'s Br. 8.) Plaintiff supports this claim with her testimony, the testimony of her neighbor, and Dr. Sudarshan and Madamala's medical records reflecting Plaintiff's complaints of chest pains, weakness, and tiredness. (*Id.* at 6–8.) The ALJ, however, found that the Plaintiff's subjective complaints and functional limitations are not supported by the preponderance of the medical evidence and therefore are not wholly credible. (Tr. at 24.) The evidence shows that Plaintiff returned to work after her stenting and that there is insufficient medical evidence to support her claims that her condition worsened. (*Id.*) The evidence also shows that the Plaintiff failed to seek follow up care with a cardiologist. (*Id.*) Moreover, Dr. Barnes noted that Plaintiff's described pain was atypical, and Dr. Madamala's examination indicated that Plaintiff could perform sedentary and perhaps light work activity. (*Id.* at 23.) Thus, it is clear that the ALJ's decision to credit the medical records over Plaintiff's subjective evidence is supported by substantial evidence, and therefore, the ALJ did not err by determining Plaintiff has the RFC to perform sedentary work. *See Carrier*, 944 F.2d at 247; *Hollis*, 837 F.2d at 1385.

Plaintiff also argues the ALJ's finding that Plaintiff can perform sedentary work is not supported by substantial evidence because the ALJ's hypothetical question to the VE was defective. (Pl.'s Br. 8.) Specifically, Plaintiff argues the ALJ failed to include Plaintiff's alleged limitation of needing to take frequent rest periods to recover from working. (*Id.*) The Fifth Circuit set forth the test for determining whether a defective hypothetical question constitutes reversible error in *Bowling*. *Bowling,* 36 F.3d at 436. The court held that:

> Unless the hypothetical question posed to the vocational expert by the ALJ can be said to incorporate reasonably all disabilities of the claimant recognized by the ALJ, and the claimant or his representative is afforded the opportunity to correct

> deficiencies in the ALJ's question by mentioning or suggesting to the vocational expert any purported defects in the hypothetical question (including additional disabilities not recognized by the ALJ's findings and disabilities recognized but omitted from the question), a determination of non-disability based on such a defective question cannot stand.

*Id.*

The ALJ asked the VE if there was work available for a "49-year-old individual, who has accomplished a twelfth grade education, who possesses the strength to perform sedentary work; however, there would be only occasionally stooping, kneeling, and crouching, no climbing of stairs or ladders." (Tr. 273.) The VE determined that those limitations prevented Plaintiff from performing her previous work, but that she could perform the jobs of bonder (semiconductor), laminator, and order clerk (food and beverage), which exist in significant numbers. (*Id.*) The Plaintiff's counsel then asked the VE to consider the same hypothetical but to include the fact that Plaintiff would be unable to work for more than twenty to thirty minutes at a time followed by a required one hour rest period. (*Id.* at 274.) The VE determined that these added limitations would eliminate the previously cited jobs and all competitive work. (*Id.*)

The ALJ determined that Plaintiff's allegations of her limitations were not fully credible. (*Id.* at 26.) Accordingly, the ALJ incorporated all the disabilities she recognized in her hypothetical question. (*Id.* at 273.) Furthermore, Plaintiff's counsel was afforded the opportunity to correct any purported defects in the hypothetical by suggesting the limitations not recognized by the ALJ. (*Id.* at 274.) Therefore, the ALJ's proposed hypothetical question was not defective and does not constitute reversible error. *See Bowling*, 36 F.3d at 436.

## IV.

For the reasons stated above, the Commissioner's unfavorable decision is affirmed.

It is so ordered. July 30, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE